Peb Cubiam.
Upon the facts presented, no sufficient reason -exists for disturbing the order denying defendant’s motion to dismiss the complaint for want of prosecution, and for judgment accordingly. Upon all the facts disclosed, there clearly was no abuse of judicial discretion. That motion having been properly disposed of, the plaintiff’s had the right to have the case restored to the calendar.
The plaintiff’s motion was according to the prayer contained in the affidavit upon which it was founded,—“ that an order may be made herein restoring this action to the calendar for trial; ” but in the notice of motion, accompanying the said affidavit, plaintiff’s attorney asked “ for an order placing the above entitled action on the clerk’s calendar.’1 The order, as entered, provides “ that the case be placed upon the clerk’s calendar of this court.” As matter of fact, the case had been noticed for trial at special term at a time at which there was no separate equity term in this court, and a note of issue had been duly filed, pursuant to which the case had appeared upon the special term calendar; and the case had been repeatedly called in its order upon said calendar, and, after many adjournments, had been marked off. Uo other notice of trial had ever been given, nor any other note of issue filed, ■except as stated. At the time of the motion the court, under its rules, had a separate equity term, and the equity calendar had taken the place of the former special term calendar. Under these circumstances, the case should have been ordered to be placed upon the equity calendar. On the other hand, an inspection of *168 the complaint shows that.it proceeds upon two causes of action ; the first being one at law, and the second being an equitable one.
The consequence is that if the defendant has not already waived his right to have the common-law action tried by a jury,— as to which the record is not clear,—and at the proper time, and in the proper manner, should insist upon a jury trial of that part of the case, that branch of the litigation would have to be sent to a jury term, and ,in that event a direction to place the case upon the clerk’s calendar for that purpose would be proper. But that question is not now before us, because, so far, the defendant has. not raised the point, and on this appeal has contended that the case, as a whole, should have been ordered upon the equity calendar. Moreover, the whole controversy cannot be determined by a jury.
Under all the circumstances, as they appear before us, the two appeals should be disposed of as follows, viz: The order denying
defendant’s motion to dismiss the complaint for want of prosecution, etc., should be affirmed, with costs and disbursements. The order, made upon plaintiffs’ motion, directing the case to be placed upon the clerk’s calendar, should be modified so as to read, “upon the equity calendar of the court”; and as thus modified it should be affirmed, without costs.